FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 MAY 27 PM 3:17

U.S. DISTRICT COURT
N.D. OF ALABAMA

AUTO-OWNERS INSURANCE  )
COMPANY                )
                       )
    Plaintiff,         )
                       )   CV-97-PT-2952-E
    vs.                )
                       )
CHILDERSBURG           )
BANCCORPORATION, INC., d/b/a )
FIRST BANK OF CHILDERSBURG,  )
a corporation, et al   )
                       )
    Defendants.        )

ENTERED

MAY 27 1998

MEMORANDUM OPINION

Auto-Owners Insurance Company, ("Auto-owners") filed this action for declaratory judgment against Childersburg Banccorporation, Inc. ("Bank"), Louie Henry, Dan Cleckler, Regina Machen, and Robert Cleckler, Jr., seeking a declaration that Auto-owners is not required to indemnify the Bank nor its agents or employees involved in an underlying sexual harassment case pending in state court. The Bank and two of its officers, Louie Henry and Dan Cleckler, ("Officers") argue that they are entitled, according to a contract of insurance, to be defended and indemnified for any liability arising out of the underlying law suit. Plaintiff Auto-Owners and defendants Childersburg Corporation, Daniel Cleckler and Louie Henry have moved for summary judgment, respectively maintaining entitlement to

1

judgment as a matter of law.

## I. FACTUAL BACKGROUND

Regina Machen filed a complaint alleging sexual harassment against Robert M. Cleckler, Jr., the Bank, and Officers Dan Cleckler and Louie Henry in the Circuit Court of Talladega County, Alabama in April of 1997. She alleged that Robert Cleckler Jr. sexually harassed, assaulted and abused her while serving as her supervisor at the First Bank of Childersburg. Machen further alleged that the Bank, Dan Cleckler and Louie Henry 1) intentionally, wantonly, or willfully allowed Cleckler Jr. to sexually harass her, 2) negligently, intentionally, willfully or wantonly conspired to allow Cleckler Jr. to make sexually explicit comments to her and sexually touch her, 3) negligently and/or wantonly failed to investigate Machen's complaint and/or discipline Cleckler Jr.[1]

Auto-Owners alleges that it has no duty to defend or indemnify the Bank and its Officers. It argues that the allegations in the underlying suit are excluded from coverage by

---

[1] The parties often refer to two other causes of action, failure to train/supervise and negligently entrusting the position of president to Cleckler Jr. It is not clear that they are in the amended complaint filed in state court.

2

the intentional acts and the employee injury and employment-related practices exclusions of the relevant policy. It further argues that the Complaint in state court does not address an "occurrence," as defined by the policy. The defendants argue that the insurer has a duty to defend because the allegations of the complaint cannot be shown to fall under the aforementioned exclusions and are otherwise covered.

## II. PARTIES' CONTENTIONS

### A. Plaintiff's Contentions

Auto-Owners contends that it is under no duty to defend the defendants. It argues five reasons why it is not so obliged. 1) Sexual harassment does not constitute an "occurrence"; 2) sexual harassment constitutes intentional conduct which is excluded by exclusion 2a; 3) there is no coverage for bodily injury caused by an employee of the Bank (exclusion 2e); 4) the Officers and Cleckler Jr. are co-employees of Machen and, therefore, do not meet the definition of "insured" in the insurance contract; and 5) the employment-related practices exclusion excludes coverage for sexual harassment claims or other employment related practices.

First, plaintiff argues that the policy covers only bodily injury and property damage caused by an "occurrence." An

"occurrence" is defined as an accident. Sexual harassment is not accidental. Therefore, the policy does not cover injury suffered as a result of sexual harassment.

Second, Exclusion 2a of the policy excludes from coverage any injury expected or intended from the standpoint of the insured. Intent to harm should be considered a necessary component to Machen's sexual misconduct claims. If Officers and the Bank intended the injury they knowingly caused, plaintiff has no obligation to defend them.

Third, the policy covers officers and directors of the Bank. It does not consider, however, any employee to be an "insured" for purposes of coverage for bodily injury or personal injury one inflicts upon a co-employee, while in the course of her employment. Section 2a(1) states: "[N]o employee is an insured for 'Bodily injury' or 'personal injury' to you or to a co-employee while in the course of his or her employment..." Therefore, Auto-Owners argues that if the Officers and Bank caused injury to Machen, they are not considered "insureds" under the policy because Machen was a co-employee, injured in the course of her employment.

Fourth, the policy includes an endorsement that excludes

4

injury arising out of harassment, humiliation, discrimination and other employment-related practices.

Auto-Owners maintains that it is under no obligation to defend or indemnify workplace incidents of the variety described in the underlying suit.

### B. Defendants' Contentions

The defendants contend that Auto-Owners has a duty to defend because the underlying action alleges causes of action covered by the policy. None of the exclusions upon which plaintiff relies works to exclude coverage for the underlying complaint. The court, defendants argue, should construe the stated exclusions to the policy as narrowly as possible in order to maximize coverage for the insureds.

1. Intentional Acts Exclusion.

The Bank and Officers argue that the intentional acts exclusion does not apply because the Officers and the Bank are not alleged to have committed any intentional act. The complaint charges them with negligence and not intentional acts. Furthermore, the exclusion specifies any injury expected or intended from the standpoint of "the insured." These defendants contend that exclusion applies only to the "insured" that

allegedly committed the intentional act, not the Officers or the Bank. Since the complaint alleges only that these defendants ratified Cleckler Jr.'s alleged acts and were merely negligent or wanton in their response and failure to investigate, they are not accused of committing an intentional act that would be excluded by the provision. The Officers and the Bank did not subjectively intend to harm Ms. Machen. The intentional acts exclusion does not apply. These defendants cite <u>Armstrong v. Security Insurance Group</u>, 288 So.2d 134, 135 (Ala. 1973) (While the exclusion might apply to the actual aggressor, "the insured," it was held not to apply to other insured persons who neither committed nor directed the commission of the assault. The evidence did not show that the "other insureds" directed the commission of the assault).

The Bank and Officers also argue that an employer can only be held liable for the intentional torts of its agents if 1) it ratified, authorized, or participated in the wrongful act; 2) the tort was in the line and scope of his employment; and 3) the tort was committed in the furtherance of the employer's business. These defendants are not accused of authorizing or participating in any intentional torts. Moreover, Alabama law treats sexual misconduct in the workplace as personal and outside the line and scope of one's duties, citing <u>Sphere Drake v. Shoney's Inc.</u>, 923 F.Supp. 1481, 1491 (M.D. Ala. 1996) Since Machen only alleges

6

negligent or wanton training or supervision and negligent or wanton entrustment of the position of president to Cleckler Jr., the other defendants are not accused of an intentional act. The intentional act exclusion does not apply to any of these allegations made in the underlying complaint.

2. Injury to Employee Exclusion.

The injury to an employee exclusion, the defendants argue, does not exclude coverage for the present allegations. The allegations do not establish, with any degree of specificity, the circumstances surrounding the harassment or the Bank's indifference to and/or participation in it. The exclusion only applies when the injury arose out of and in the course of employment. Being sexually harassed is certainly not part of Machen's employment. Sexual harassment is likewise, not part of Cleckler Jr.'s terms of employment. Since the insurer cannot show that the alleged wrongful acts occurred in connection with her employment, the exclusion does not apply.

Additionally, the defendants contend, this exclusion was meant to eliminate coverage for injuries otherwise covered by the Alabama workers' compensation statute. Ms. Machen's injury, however, was not covered by workers' compensation because she did not sustain a physical injury.

3. Employment-Related Practices Exclusion.

The Bank and Officers contend that Auto-Owners has not met its burden of proving that this exclusion applies to the present fact set. It has not shown the court a single Alabama state or federal case applying this exclusion. The endorsement excludes injury arising out of coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment related practices, policies, acts or omissions. The Bank and Officers did not do any of the things specified in this section. Neither the Bank nor the Officers harassed, discriminated, coerced, or demoted, etc. Ms. Machen. To place the allegations under the catch-all phrase "other employment-related practices, policies, acts or omissions," does not suffice to exclude coverage. The term is ambiguous and may be construed as having more than one meaning. Claims of negligent/wanton supervision, training, and monitoring do not fall within the terms of this exclusion.

Cleckler Jr.'s alleged wrongdoing might be imputed to the Bank through vicarious liability, but only if it is found to have been committed within the scope of his employment. Sexual harassment, however, is purely personal and not within the scope of one's employment. It certainly does nothing to further the employer's business. Therefore, since the Bank cannot be found

8

vicariously liable, the employment-related practice exclusion does not exclude coverage for the Bank.

Therefore, none of the exclusions relied upon by the Plaintiff exclude coverage of the underlying allegations against the defendants. First, the claims against the Bank and Officers are grounded in negligence, rather than intentional conduct. Second, the injury to an employee exclusion does not apply because the injury did not arise out of and in the course of employment by the insured. And finally, the claims against the Bank and the Officers are not expressly addressed in the employment-related practices exclusion.

### III. COURT'S CONCLUSIONS

The court initially notes that the subject policy only covers as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages. We may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result. (Section I(A)(1)(a)).

The policy further provides:

> This insurance applies to 'bodily injury' and 'property damage' only if: (1) the 'bodily injury' or 'property damage' is cause by an 'occurrence' that takes place in the 'coverage territory'; (Section I A 1b(1)).

9

"Occurrence" is defined as, "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Section V 9). It should be noted that this definition of "occurrence" is different than that in the Armstrong case where "occurrence" is defined as, "an accident...which results... in bodily injury... neither expected nor intended from the standpoint of the 'insured.'"

(1) The court agrees with the plaintiff that sexual harassment is not an "accident." Thus, it is not an "occurrence." The court recognizes that it may be arguable that there was an "occurrence" as it relates to the claims against the bank and the officer. It all depends on whether the initial "cause" must be accidental. While the court is inclined to agree with plaintiff that there was not an "occurrence" as to any defendant, it does not make its ultimate decision on this basis.

(2) The court does not agree with the plaintiff that exclusion 2a is applicable to any insured defendant other than Robert Cleckler, Jr.

(3) Exclusion 2e is applicable to defendant Childersburg Banccorporation, Inc. The court does not reach the issue of whether the term "in any other capacity" would cause exclusion 2e to be applicable to defendants Louie Henry and Dan Cleckler. It probably would not be.

(4) It seems clear that the "Employment Related Practices Exclusion" excludes coverage for all defendants. It reads:

> The following exclusion is added to COVERAGE A (Section 1): c. 'Bodily injury' arising out of any: (3) coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; ...This exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

Only "bodily injury," "property damage" and "personal injury" are covered under the policy. It appears that "personal injury" does not include injuries arising out of the alleged type of offenses (see Section V 10). The term "bodily injury" may include the type injuries alleged, but the endorsed exclusion covers the subject of the underlying action. The alleged "bodily injury" action clearly "[arises] out of ... harassment, humiliation, discrimination or other employment related practices, policies, acts or omissions." The exclusion is applicable to all insureds no matter what their capacity. Armstrong is not applicable. The exclusion is not limited to matters not expected nor intended.

Defendants rely on the case of Schmidt v. Smith, 684 A.2d 66 (N.J. Super. Ct. App. Div. 1996). While the pertinent language in Schmidt is similar to that at issue here, it is contained in a

11

different type policy.  The policy at issue here is a "Commercial General Liability Coverage" policy.  In <u>Schmidt</u>, the plaintiff did not "seek coverage...under the general liability policy." The coverage applied was under an "employers liability" policy. Among the matters considered by the court were: (1) The policy specifically covered bodily injury which arises "out of and in the course of the injured employee's employment."  The policy agreed to pay "all sums [which the insured] legally must pay as damages because of bodily injury to [the insured's] employees." The court relied on the fact that the policy was intended to complement worker's compensation insurance.  While this court might disagree with even the holding in <u>Schmidt</u> because of the plain language of the policy, <u>Schmidt</u> is clearly distinguishable from this case. Compare <u>Devillier v. Fidelity & Deposit Company of Maryland</u>, 97-1200 (La. App. 3 Cir. 3/6/98) 1998 WL 100361 (La. App. 3 Cir.).

The defendants have cited <u>HS Services, Inc. v. Nationwide Mutual Ins. Co.</u>, 109 F.3d 642 (9th Cir. 1997).  While that opinion may be questionable (see the dissent) even under its own facts, it is clearly distinguishable from this case.  The court held that a defamation claim was covered because the remarks related to competition <u>and</u> an "attempt to protect itself against a remark made by Cade, not as an ex-employee, but as a present

competitor." <u>Zurich Ins. Co. v. Smart & Final Inc.</u>, 1998 WL 106119 (C.D. Cal.) is likewise distinguishable even if it was correctly decided. The court there was persuaded by the fact that false arrest and imprisonment claims were not clearly excluded as such. Here, the type of claims asserted are clearly excluded. Finally, <u>U.S. Fire Ins. Co. v. McCormick</u>, 286 Ala. 531, 243 So2d 367,(1970) is inapposite. The type coverage sought here is excluded regardless of whether an insured is or is not an employer. If there is no coverage, there is <u>no</u> coverage. As suggested elsewhere herein, <u>McCormick</u> may defeat at least one of the plaintiff's arguments. It does not, however, defeat the "employment related" exclusion. It likely does not defeat plaintiff's "occurrence" argument. Courts should not simply rewrite policies in an effort to find coverage where it has been clearly excluded or otherwise not included. The court cannot conceive of how the "employment related" exclusion could have been more clearly enunciated in the context of the facts of this case.

The court will grant judgment in favor of the plaintiff. Within ten (10) days, the plaintiff is to submit a proposed judgment. Defendants will have seven (7) days to object as to form.

*[signature]*

ROBERT B. PROPST

SENIOR UNITED STATES DISTRICT JUDGE